1

2

3          ЀЁ̀Ż̶Ѕ̀Ȯ̀Ӓ̃̈Å̈̀Ё̈Ӫ̈Е́̈Í̌ Ё

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   ROBERT G. HOWELL,              )      No. C 13-5176 RMW (PR)
                                    )
12              Petitioner,         )      ORDER GRANTING
                                    )      RESPONDENT'S MOTION TO
13      vs.                         )      DISMISS; DENYING CERTIFICATE
                                    )      OF APPEALABILITY
14                                  )
     M. SPEARMAN, Warden,           )      (Docket Nos. 14, 15, 16, 17)
15                                  )
                Respondent.         )
16   _____ )

17          Petitioner, a state prisoner proceeding pro se, filed an amended petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence imposed by

19   the Superior Court of Sonoma County.  The court issued an order to show cause.  In lieu of an

20   answer, respondent has filed a motion to dismiss the petition as untimely.[1]  Petitioner has filed an

21   opposition, and respondent has filed a reply.  For the reasons stated below, the court GRANTS

22   respondent's motion to dismiss the petition as untimely.

23   **I.     BACKGROUND**

24          Petitioner was sentenced to a term of 12 years in state prison after pleading no contest to

25   forcible rape and admitting a prior "strike" conviction.  (MTD at 2, Ex. A.)  On June 24, 2010,

26   the California Court of Appeal affirmed.  (Id.)  Petitioner did not file a petition for review in the

27   _____

28      [1]  Respondent's motion for an enlargement of time within which to file a response is
     GRANTED.  Respondent's motion to dismiss is deemed timely filed.

California Supreme Court.

On April 18, 2011, petitioner filed a state habeas petition in Superior Court. (MTD, Ex. B.) That petition was denied on September 2, 2011. (Id.)

On July 12, 2012, petitioner filed another state habeas petition in Superior Court. (Am. Pet. at 22.) That petition was denied on September 13, 2012. (Id.)

On November 21, 2012, petitioner filed a state habeas petition in the California Court of Appeal. (MTD, Ex. C.) That petition was denied on November 30, 2012. (Id.)

On December 19, 2012, petitioner filed a "Notice of Motion of Intention to Apply for Relief from Mistake, Modification of Decision" in Superior Court. (Am. Pet. at 27.)

On January 29, 2013, see Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) ("Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court"), petitioner filed a state habeas petition in the California Supreme Court. (MTD, Ex. D.)

On March 7, 2013, the Superior Court denied petitioner's "Notice of Motion of Intention to Apply for Relief from Mistake, Modification of Decision". (Am. Pet. at 27-28.)

On April 17, 2013, the California Supreme Court denied petitioner's January 29, 2013 petition. (MTD, Ex. D.)

Petitioner filed the underlying petition on November 3, 2013. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was

1   removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was

2   recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and

3   made retroactive to cases on collateral review; or (4) the factual predicate of the claim could

4   have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time

5   during which a properly filed application for state post-conviction or other collateral review is

6   pending is excluded from the one-year time limit.  28 U.S.C. § 2244(d)(2).

7           The one-year period generally will run from "the date on which the judgment became

8   final by conclusion of direct review or the expiration of the time for seeking such review."  28

9   U.S.C. § 2244(d)(1)(A).  Because petitioner did not file a petition for review in the California

10  Supreme Court after the California Court of Appeal affirmed the judgment, petitioner's judgment

11  became final on August 3, 2010, forty days after the California Court of Appeal affirmed the

12  judgment.  See Cal. R. Ct. 8.366(b)(1), 8.500(e)(1).  Pursuant to 28 U.S.C. § 2244(d)(1)(A),

13  AEDPA's one-year limitation period began to run the following day, and expired one year later,

14  on August 3, 2011.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Unless

15  statutory or equitable tolling saves the petition, the petition filed on November 3, 2013, is

16  untimely.

17          The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during

18  which a properly filed application for State post-conviction or other collateral review with

19  respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Respondent

20  argues that the statute of limitations ran from August 4, 2010 through April 18, 2011, the date

21  petitioner filed his first state habeas petition in the Superior Court.  On April 18, 2011, the

22  statute of limitations had run for 257 days.  The limitations period was tolled until September 2,

23  2011, the date that the Superior Court denied the petition.

24          In King v. Roe, 340 F.3d 821 (9th Cir. 2003), the Ninth Circuit set forth a two-part test to

25  determine whether the period between petitions filed in the same court is tolled.  Stancle v. Clay,

26  692 F.3d 948, 953 (9th Cir. 2012).  Under that test, a petitioner is not entitled to statutory gap

27  tolling for the period between the denial of a first petition in the superior court and the filing of a

28  second petition in the same court if his second petition was not limited to an elaboration of the

1  facts relating to the claims in his first petition.  See id. at 955-56 (no statutory gap tolling where

2  second petition included new claims).  Here, in petitioner's first Superior Court habeas petition,

3  filed April 18, 2011, petitioner raised claims of ineffective assistance of counsel, a violation of

4  his speedy trial rights, a violation of the right against unreasonable searches and seizures, an ex

5  post facto claim in using a "strike" conviction, and a violation of petitioner's "right to defend."

6  (MTD, Ex. B.)  In petitioner's subsequent Superior Court habeas petition, filed July 20, 2012,

7  petitioner raised a claim that he was entitled to additional custody credits and a reduction of his

8  restitution fine.  (Am. Pet., Att. A at 23.)  Thus, because petitioner's second petition to the

9  Superior Court was not limited to an elaboration of the facts relating to the claims in petitioner's

10  first petition, the gap between September 2, 2011 (the denial of petitioner's first state habeas

11  petition) and July 12, 2012 (the date petitioner filed his subsequent Superior Court petition) is

12  not tolled.[2]

13      Accordingly, with 108 days left of petitioner's limitations period, the period began to run

14  again on September 3, 2011.  Petitioner's limitations period expired on December 20, 2011.

15  Thus, petitioner's petition, filed November 3, 2013, is untimely.

16      Petitioner raises several arguments in his opposition.  First, petitioner argues that there is

17  no time limit within which to raise a claim of an illegal sentence.  However, petitioner appears

18  to be relying upon state law, which does not extinguish or supercede petitioner's duty to abide by

19

20      [2]  Although neither party addresses it, the court also finds that the limitations period
21  between September 2, 2011 (the date the Superior Court denied petitioner's first petition) and
    November 21, 2012 (the date petitioner filed his state habeas petition in the California Court of
22  Appeal) is not tolled.  The rule is that the limitations period "remains tolled during the intervals
    between the state court's disposition of a state habeas petition and the filing of a petition at the
23  next state appellate level."  Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999).  This means that
    a state habeas petition is pending "in the absence of undue delay," while a California petitioner
24  "complete[s] a full round of [state] collateral review" all the way to the California Supreme
    Court.  Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (internal quotation marks
25  omitted).  However, here, because the period between the Superior Court's denial and
    petitioner's filing to the California Court of Appeal was more than one year, the delay between
26  filings was unreasonable and thus, the petitions were not "pending."  See Evans v. Chavis, 546
    U.S. 189, 201 (2006) (concluding that an unjustified or unexplained 6-month delay between
27  postconviction applications in California is not "reasonable" and does not fall within the
    definition of the term "pending.").
28

1   the AEDPA's statute of limitations with respect to his federal habeas petition.

2       Second, petitioner argues that his petition is not barred by the "Dixon-Waltreus" rule.

3   California's In re Waltreus, 62 Cal. 2d 218, 225 (1965), provides that "'any issue that was

4   actually raised and rejected on appeal cannot be renewed in a petition for writ of habeas

5   corpus.'"  Forrest v. Vasquez, 75 F.3d 562, 564 (9th Cir. 1996) (quoting In re Harris, 855 P.2d

6   391, 398 (1993)).  However, the court is not relying on Dixon or Waltreus to find that

7   petitioner's petition is untimely.

8       Third, petitioner argues that he is entitled to equitable tolling because he is pro se, has

9   little education in the law, the claims are novel, and the "statute in question is new."  "[A]

10  petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

11  diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

12  filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

13  Petitioner has not demonstrated either factor.

14      Fourth, petitioner argues that the commencement of the statute of limitations is governed

15  by 28 U.S.C. § 2244(d)(1)(C).  Under Section 2244(d)(1)(C), the one-year limitation period

16  starts on the date upon which "the constitutional right asserted was initially recognized by the

17  Supreme Court, if the right has been newly recognized by the Supreme Court and made

18  retroactively applicable to cases on collateral review."  However, petitioner does not make clear

19  what constitutional right was "newly recognized by the Supreme Court" or "made retroactively

20  applicable to cases on collateral review."  To the extent petitioner is arguing that Missouri v.

21  Frye, 132 S. Ct. 1399 (2012) is the applicable new constitutional law, the Ninth Circuit has

22  rejected this claim.  See Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012)

23  ("Because the Court in Frye . . . repeatedly noted its application of an established rule to the

24  underlying facts, th[is] case[] did not break new ground or impose a new obligation on the State

25  or Federal Government.").

26      Alternatively, petitioner argues that the commencement of the statute of limitations is

27  governed by 28 U.S.C. § 2244(d)(1)(D).  Under Section 2244(d)(1)(D), the one-year limitation

28  period starts on the date on which "the factual predicate of the claim or claims presented could

1   have been discovered through the exercise of due diligence." The time begins "when the

2   prisoner knows (or through diligence could discover) the important facts, not when the prisoner

3   recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000).

4   Respondent disputes this argument, and states that even delaying the state of petitioner's statute

5   of limitations to November 21, 2011 – the date upon which petitioner alleges that he learned of

6   the factual predicate of the sentencing error – petitioner is still untimely. Between November 22,

7   2011, and July 12, 2012 (the date petitioner filed his first state habeas petition), 234 days had

8   passed. Petitioner's limitations period was tolled until the Superior Court denied his petition, on

9   September 13, 2012. Petitioner then filed state habeas petitions in the California Court of

10  Appeal and California Supreme Court. The California Supreme Court finally denied petitioner's

11  petition in April 17, 2013. Adding 131 days to April 17, 2013, the date upon which petitioner's

12  limitations period would begin to run again, moved petitioner's new deadline date to August 26,

13  2013. Even applying Section 2244(d)(1)(D), therefore, petitioner's federal petition, filed

14  November 3, 2013, is still untimely.

15          Finally, petitioner argues that he can establish cause and prejudice to bypass the

16  dismissal. However, cause and prejudice is not a gateway from which a prisoner can be excused

17  from an untimely petition. Cf. Sawyer v. Whitley, 505 U.S. 333, 338 (1992) (recognizing that

18  unless a habeas petitioner can show cause and prejudice, a court may not reach the merits of (a)

19  successive claims which raise grounds identical to grounds heard and decided on the merits in a

20  previous petition; (b) new claims, not previously raised which constitute an abuse of the writ; or

21  (c) procedurally defaulted claims in which the petitioner failed to follow applicable state

22  procedural rules in raising the claims).

23          Accordingly, the court concludes that petitioner's federal petition is untimely.

24  **III.    CONCLUSION**

25          Respondent's motion to dismiss the petition is GRANTED. The instant petition is

26  DISMISSED. The clerk shall terminate all pending motions as moot and close the file.

27  **IV.    CERTIFICATE OF APPEALABILITY**

28          For the reasons set out in the discussion above, petitioner has not shown "that jurists of

1   reason would find it debatable whether the district court was correct in its procedural ruling."

2   Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

3        **IT IS SO ORDERED.**

4   DATED: _____

        _Ronald M. Whyte_
        RONALD M. WHYTE
        United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT G HOWELL,

                Plaintiff,

  v.

SPEARMAN et al,

                Defendant.

_____/

Case Number: CV13-05176 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert G Howell V72092
F.D.-48L
Correctional Training Facility
PO Box 686
Soledad, CA 93960-0686

Dated: May 29, 2015

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk